**Nathaniel WILLIAMSON, Plaintiff,**

v.

**Correctional Officer M. BLACK, Defendant.**

No. 1:06CV00484.

United States District Court, M.D. North Carolina.

March 18, 2008.

Nathaniel Williamson, Bunn, NC, pro se.

Yvonne Bulluck Ricci, N.C. Department of Justice, Raleigh, NC, for Defendant.

## MEMORANDUM OPINION
## AND ORDER

ELIASON, Magistrate Judge.

Plaintiff is a prisoner of the State of North Carolina. He has brought this action pursuant to 42 U.S.C. § 1983. His original complaint stated that Officer Black received his legal mail on October 27, 2003 and withheld it. He states this prevented him from answering a legal action on time. He named a plethora of individuals, including the governor, all of whom he claimed were personally responsible for his failure to receive legal mail in October 2003. For relief, he wants these individuals to be terminated from their jobs and that he be given $1.5 million in damages. Some Defendants were not served and they were dismissed. Plaintiff was then ordered to file a more definite statement with respect to the individuals remaining in the lawsuit and identify the personal actions these people took to deprive him of his mail.

Plaintiff filed this more definite statement defining his claim. There, he again complains that legal mail that was sent to him on October 25, 2003 was received by Officer Black and not given to him. He then states: "After contacting my family, the[y] mailed me copies of the document once again by certified mail this time they were picked up by Robin Whaly on 2–23–04, Ms. Whaly, N.W. never gave me the legal documents." (Docket No. 16, Pl.s Def. Stmt. at 2.)

As a result of the more definite statement and a motion to amend the complaint, Plaintiff was again directed to provide the Court with the personal actions taken by the remaining Defendants. Because Plaintiff was unable to connect any individual, other than Officer Black, with the October 25, 2003 mailing, all Defendants except Black were dismissed. (See Docket No. 20.)

With respect to the Court's previous direction to identify the adverse action as a result of Officer Black allegedly withholding Plaintiff's legal mail, Plaintiff's allegations were extremely conclusory. He merely states he was in the process of filing a motion for appropriate relief and that motion was dismissed. He fails to identify the documents, the legal action, and the significance of the documents to that action and to the dismissal.

Thereafter, Officer Black filed an answer and a motion for summary judgment. As part of the motion for summary judgment, Defendant submitted the affidavit of Clyde Morris, who is the Program Director for the Caswell Correctional Unit. Mr. Morris discusses a grievance filed by Plaintiff in August 2004 (Grievance No. 4415–04–234). In that grievance, Plaintiff alleged that Officer Black withheld legal mail on October 27, 2003 and that Robin Whaly withheld legal mail sent on February 23, 2004. The institution conducted a search for those letters and found the envelope which was sent on February 23, 2004 in Plaintiff's locker. As a result of this, the prison officials concluded that it was very likely that Plaintiff received both packages.

In her motion for summary judgment, Defendant first points out that the package received by Officer Black did not meet the standards for constituting legal mail, which would be recorded in a separate book by the unit mail officer. This fact was verified in Mr. Morris' affidavit which discusses the pertinent policies and regulations. During the investigation of Plaintiff's grievance, Officer Black gave a statement that she was sure that Plaintiff received his legal mail and that she would not and did not deliberately fail to give him his legal mail.

Defendant raises a number of defenses in her motion for summary judgment.

The first one is that Officer Black is entitled to qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). This claim is intriguing in that it alleges that because Plaintiff's mail did not constitute legal mail, a reasonable correctional officer would not have thought to have violated a plaintiff's constitutional rights in processing that mail. However, because it is clear that Plaintiff simply fails to state a cause of action on a number of different bases, the Court need not reach that issue.

The first basis for dismissal rests on the fact that Plaintiff simply has failed to show a violation of his constitutional rights by the alleged mishandling of his mail. For example, in *Pink v. Lester,* 52 F.3d 73 (4th Cir.1995), the court held that even though a state court clerk may have negligently processed a request for a money order from a prisoner in order that the prisoner may perfect an appeal, the prisoner, nevertheless, had failed to raise a claim of constitutional dimension which could be brought in federal court. That case also involved a potential interference with the right of access to the courts. Nevertheless, the court held that negligent conduct simply was not sufficient to state a claim for relief. Plaintiff has shown nothing more. A review of Plaintiff's response to Defendant's motion for summary judgment fails to cast doubt on Officer Black's assertion that she is sure that she would have given Plaintiff his mail and would not have deliberately withheld it.

Even if Plaintiff had somehow shown that Officer Black's conduct violated his constitutional rights, he has failed to satisfy the second prong necessary to obtain relief. This area of the law was thoroughly canvassed by the Second Circuit in

*Davis v. Goord,* 320 F.3d 346 (2d Cir.2003). First, even assuming there was an interference, an isolated incident of mail tampering, without more, is not sufficient to establish a constitutional violation. Here, Plaintiff shows only one incident and fails to show any practice of censorship. Next, the court noted that courts have usually afforded greater protection to legal mail and also greater protection to outgoing mail, as opposed to incoming mail. *Id.* at 351. In the instant case, Plaintiff's mail was not legal mail and, in addition, it was incoming mail, as opposed to outgoing mail. This also serves to support a finding of no constitutional violation. Finally, Plaintiff has failed to provide evidence of actual injury as he must do. He merely makes conclusory allegations that the case was dismissed, but fails to provide any factual basis for this. Plaintiff was forewarned that he was required to respond to the motion for summary judgment, but his response was simply insufficient.

In addition, Plaintiff's own evidence indicates that he did not suffer any cognizable injury. As noted earlier, in his first more definite statement (docket no. 16), he admitted that after not receiving the October package, he contacted his family and they mailed him copies of the documents once again.[1] At that time, Plaintiff still maintained that they were picked up by Robin Whaly and never given to him. However, the affidavit of Mr. Morris shows that, in fact, Plaintiff did receive this package. Thus, two things are clear. First, whether or not Officer Black withheld the documents, Plaintiff was in perfect position to have them resent and, therefore, any adverse consequences to his legal action were his responsibility, not Officer Black's.

---

**1.** To the extent Plaintiff wants to now change his story in his papers relating to his summary judgment motion, it will not help him. Issues of material fact are not created when the court must decide which of Plaintiff's conflicting versions is true. *Halperin v. Abacus Technology Corp.,* 128 F.3d 191, 198 (4th Cir.1997).

Second, the evidence shows that Plaintiff, in fact, received copies of these documents and, therefore, his claim that he adversely suffered legal consequences because of Officer Black's action is not true.

Plaintiff's motion for summary judgment fails to show that judgment *must* be granted. It will be denied.

Last, Plaintiff has filed a motion to amend the complaint to change the case caption to only list Defendant Black as the Defendant. (Docket No. 24.) This motion will be denied for being moot, inasmuch as the Court *sua sponte* ordered that the case caption be changed to reflect that Officer Black is the only remaining Defendant in this lawsuit on March 6, 2007. (*See* Docket No. 20.)

For all the above reasons,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint to change the case caption that Defendant's motion for summary judgment (docket no. 32) is granted, that Plaintiff's motion for summary judgment (docket no. 25) is denied, and that this action be, and the same hereby is, dismissed (docket no. 24) is denied for being moot.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (docket no. 32) is granted, that Plaintiff's motion for summary judgment (docket no. 25) is denied, and that this action be, and the same hereby is, dismissed.

### *JUDGMENT*

For the reasons set out in a Memorandum Opinion and Order entered contemporaneously with this Judgment,

**IT IS ORDERED AND ADJUDGED** that Defendant's motion for summary judgment (docket no. 32) is granted, that Plaintiff's motion for summary judgment (docket no. 25) is denied, and that this

action be, and the same hereby is, dismissed.